UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID WILLARD,

       Plaintiff,                                    Case No. 26-10310

v                                                          Hon.
                                                           Mag.
BRIGHTON MOTORS, LLC, a
domestic limited liability company,
JOSH TAURIAINEN, TARA BRENNAN,
and TERRY LONG,

       Defendants.
_____

**AKEEL & VALENTINE, PLC**
SHEREEF H. AKEEL (P54345)
HASAN KAAKARLI (P81099)
DANIEL W. CERMAK (P84460)
Attorneys for Plaintiff
888 W. Big Beaver Road., Suite 350
Troy, MI 48084
(248) 269-9595
shereef@akeelvalentine.com
hasan@akeelvalentine.com
daniel@akeelvalentine.com

_____

## **COMPLAINT AND JURY DEMAND**

**NOW COMES** Plaintiff, David Willard, by and through his undersigned

counsel, AKEEL & VALENTINE, PLC, and for his Complaint against Defendants,

1

BRIGHTON MOTORS, LLC ("Brighton Motors"), JOSH TAURIAINEN, TARA BRENNAN, and TERRY LONG, states as follows:

## INTRODUCTION

1.     This case arises from Defendants' nonconsensual distribution and workplace display of Plaintiff, David Willard's, nude / intimate photo.

2.     Co-workers displayed the image on company computers, including as a screensaver, and made sexualized comments about Mr. Willard's body.

3.     Plaintiff reported the misconduct and demanded deletion and remedial action.

4.     Defendants failed to act, let alone promptly, and effectively sanctioned their employees' conduct.

5.     Afterwards, Plaintiff's counsel sent Defendants correspondence advising them of the unlawful distribution of Plaintiff's private image, sexual harassment, hostile work environment, and their failure to take remedial action, subjecting them to violations of federal and state privacy and employment laws, and of Plaintiff's willingness to amicably resolve Mr. Willard's claims without further harm to their then-existing employment relationship.

6.     As soon as Defendants received the letter, rather than addressing the sexual harassment, the employer Defendants threatened and intimidated Plaintiff by

calling the police and reported a false police report claiming that Plaintiff was engaging in an act of extortion

7.  Police investigated the matter, found no merit, and left the scene.

8.  Defendants' threatening and offensive conduct caused the workplace to become intolerable, forcing Plaintiff to leave due to the hostile conditions (constructive discharge).

9.  Plaintiff seeks damages, injunctive relief, attorney's fees, costs, and any other appropriate relief.

## JURISDICTION AND VENUE

10.  This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because this action includes claims under 15 U.S.C. § 6851 and 42 U.S.C. § 2000e.

11.  The Court has supplemental jurisdiction over related state-law claims under 28 U.S.C. § 1367.

12.  Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events occurred in this District and Defendant does business here.

13.  Plaintiff exhausted his administrative remedies and received his Right to Sue Letter from the Equal Employment Opportunity Commission on or around January 23, 2026.  **Exh. A** – Right to Sue Letter.

## PARTIES

14.     Plaintiff, David Willard, is a resident of Michigan and, at all relevant times, worked as a sales employee for Defendants.

15.     Defendant, Brighton Motors, LLC ("Brighton Motors"), is an employer doing business as Brighton Motors and/or MI Motor Group in this District.

16.     Defendant, Josh Tauriainen, is a resident of the State of Michigan and is the owner of Defendant Brighton Motors.

17.     Defendant, Tara Brennan, is a resident of the State of Michigan, is employed by Defendant Brighton Motors, and disclosed, without consent, an intimate visual depiction of Plaintiff.  Defendant Brennan is a Comptroller for Defendant Brighton Motors.

18.     Defendant, Terry Long, is a resident of the State of Michigan, is employed by Defendant Brighton Motors, and disclosed, without consent, an intimate visual depiction of Plaintiff.  Defendant Long is a Title Clerk for Defendant Brighton Motors.

## FACTUAL ALLEGATIONS

19.     On or about August 9, 2025, Plaintiff provided a photograph of his driver's license to his General Sales Manager ("GSM") for a vehicle transaction.

20.     The photograph of his driver's license included a camera-roll preview that contained a nude / intimate photo of Plaintiff.

21.     The GSM forwarded the file to office staff to process the transaction.

4

22.     Office staff and other employees accessed and viewed the camera-roll preview containing the intimate image.

23.     Specifically, Defendant Long was the initial person to send the nude / intimate photo of Plaintiff intentionally because of the intimate image depicted of Plaintiff, without his consent, and without any business purpose, to others for the purpose of causing embarrassment and humiliation to Plaintiff.

24.     Defendant Long sent the nude photo of Plaintiff to her supervisor, Defendant Brennan, for the purpose of causing embarrassment and humiliation to Plaintiff.

25.     Defendants Long and Brennan then both sent Plaintiff's nude photo to other employees of Defendant Brighton Motors, knowing that such conduct was unreasonable, offensive, and without the consent of Plaintiff.

26.     Defendants Long and Brennan distributed the intimate image of Plaintiff to co-workers within and between Defendant's two dealerships without Plaintiff's consent.

27.     Defendants' displayed the intimate image on company computers.

28.     Defendants' employees – including those who received the photo from Defendant Long and / or Brennan – set the intimate image as a screensaver visible to multiple employees.

29.     After the image circulated, co-workers, including Defendants Long and Brennan, made sexualized jokes and comments about Plaintiff's body.

30.     Plaintiff experienced embarrassment, humiliation, and anguish at work.

31.     Plaintiff reported the incident to management, including a person in charge of human resources.

32.     Plaintiff also reported the incident to the company's attorney.

33.     On August 18, 2025, Mr. Willard sent an email to his manager stating he was "very embarrassed" about his naked picture being passed around the dealerships.  **Exh. B** – 8/18/25 Email.

34.     On August 20, 2025, Plaintiff sent a second email to his manager asking the company to investigate, identify those responsible, and remove the image from employees' computer screens.  **Exh. C** – 8/20/25 Email.

35.     The August 20 email reported ongoing embarrassing remarks and stated he felt uncomfortable at both stores.

36.     Plaintiff requested that the company delete the image from all systems and devices.

37.     Defendants did not promptly remove the image from all systems or confirm deletion.

38.     Defendants did not promptly stop the display of the image on co-workers' computers.

39.     Defendants did not institute effective anti-harassment measures.

40.     Defendants had no dedicated Human Resources department or other effective channel that provided meaningful relief.

41.     The sexualized comments and humiliation continued after notice.

42.     The sexual comments were unwanted and offensive in nature.

43.     Plaintiff retained counsel to request remedial action and resolution.

44.     On September 29, 2025, Plaintiff's Counsel sent a letter seeking deletion, an investigation, and a resolution.

45.     After receiving the demand, rather than addressing this sexual and offensive harassment, Defendant Tauriainen immediately retaliated and called the police falsely claiming Plaintiff engaged in extortion.

46.     Defendant Tauriainen's act of calling the police to file a false police report was intentional, and not an accidental mistake or factual error.

47.     Defendant Tauriainen knew information made in the report was false when they reported it to the police.

48.     Police arrived at Plaintiff's workplace in response to Defendant Tauriainen's false police report.

49.     Defendant Tauriainen's report to police was false and made in retaliation for Plaintiff's protected activity in filing his complaints.

7

50.    Defendant Tauriainen's false report also sought to cause Plaintiff to quit or be fired.

51.    Defendant Tauriainen's actions were also materially adverse to Plaintiff because they diminished the likelihood of Plaintiff's increased compensation and promotional opportunities with Defendant Brighton Motors.

52.    Defendants' conduct caused Plaintiff fear, stress, and further humiliation.

53.    Defendants' failures (including the lack of investigation, discipline, and remediation) and retaliation (including by seeking to falsely arrest and charge Plaintiff with any crime) made the workplace intolerable.

54.    The condition of having sensitive images circulated among co-workers, with an employer's knowledge of that circulation, and the failure of the employer to take any remedial action, are so severe that a reasonable person would resign.

55.    Additionally, the condition of an employer making false accusations to police officers in an attempt to bring charges, and prosecute, an employee who reports sexual harassment and seeks to enforce his rights to privacy and to not have the publication of sensitive images that are highly offensive to a reasonable person, is so severe that a reasonable person would resign.

56.    Defendants either intended to force Plaintiff's resignation or knew the conditions would force it.

57.     Plaintiff was forced to leave his employment with Defendants due to such hostile conditions, which included ridicule, mockery, offensive sexual comments, and intimidation and retaliation.

58.     Plaintiff suffered emotional distress including anxiety, sleeplessness, and loss of concentration.

59.     Plaintiff suffered, and continues to suffer, economic damages, including lost income and benefits.

60.     Plaintiff continues to suffer reputational harm and privacy injuries.

61.     At all times, employees who accessed, distributed, and displayed the image acted within the course and scope of employment or with apparent authority.

62.     Defendants knew or recklessly disregarded that Plaintiff did not consent to any distribution or display of the intimate image.

63.     Defendants' actions and inactions listed above were severe and pervasive enough to create an environment that a reasonable person would find objectively hostile or abusive.

64.     Over time, the cumulative effects of sexual harassment and retaliation directed at Plaintiff, including actions that were calculated to encourage Plaintiff's resignation, made his work environment unbearable, forcing Plaintiff to resign.

65.     Over time, the cumulative effects of the harassment directed at Plaintiff were such that Plaintiff's resignation was a foreseeable consequence of the harassment.

66.     The conditions of Plaintiff's employment were objectively intolerable to any reasonable person and amounted to a constructive discharge from employment.

67.     Plaintiff's resignation from employment was a constructive discharge because it was the reasonably foreseeable impact of the harassment directed towards Plaintiff.

68.     A reasonable person in Plaintiff's position would have felt compelled to resign because of the harassment directed towards Plaintiff and Defendants' failure to remediate the ongoing harassment upon receiving notice.

69.     Defendants' actions and inaction directly and proximately caused Plaintiff's injuries.

## COUNT I

### VIOLATION OF 15 U.S.C. § 6851
### DISCLOSURE OF INTIMATE IMAGES
### AGAINST ALL DEFENDANTS

70.     Plaintiff incorporates Paragraphs 1 – 69.

71.     15 U.S.C. § 6851 states, in relevant part, that "Except as provided in paragraph (4), an individual whose intimate visual depiction is disclosed, in or

affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce, without the consent of the individual, where such disclosure was made by a person who knows that, or recklessly disregards whether, the individual has not consented to such disclosure, may bring a civil action against that person in an appropriate district court of the United States for relief as set forth in paragraph (3)." 15 U.S.C. § 6851(b)(1)(A).

72.     Plaintiff Willard is a depicted individual, and the nude image is an intimate visual depiction.

73.     Defendants disclosed the depiction by transferring, distributing, and making it accessible to co-workers on workplace computers and screensavers at different locations without consent.

74.     Defendants, including their employees and / or agents, transferred, displayed, and made the image accessible on workplace computers without Plaintiff's consent.

75.     Consent to creation is not consent to distribution, and any prior limited share is not consent to further disclosure.

76.     Defendants knew or recklessly disregarded Plaintiff's lack of consent.

77.     Defendants had actual notice, including but not limited to, via Plaintiff's August 18 and 20 emails and continued inaction.

11

78.    The disclosure and display used networked computers, email, and internet-connected systems in Defendants' business, which are facilities of interstate commerce.

79.    Plaintiff Willard seeks actual or liquidated damages ($150,000), injunctive relief (including deletion and no-disclosure orders), costs, and attorney's fees.

## COUNT II

### VIOLATION OF 42 U.S.C. § 2000e-2(a)
### HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII
### AGAINST ALL DEFENDANTS

80.    Plaintiff incorporates Paragraphs 1 – 69.

81.    Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment" because of sex. 42 U.S.C. § 2000e-2(a)(1). A hostile work environment exists where unwelcome conduct based on sex is sufficiently severe or pervasive to alter the conditions of employment, and the employer is liable when it knew or should have known and failed to take prompt, appropriate remedial action.

82.    Plaintiff was subjected to sexual harassment with continued lewd and offensive sexual comments that were unwanted and of a sexual nature at his employment and during the course of his employment with Defendants.

83.     The sexual harassment has included, but is not limited to, grossly unwelcome comments, extreme offensive actions perpetrated by Defendants as described above, and false reports of extortion in response to Plaintiff's opposition to the lewd and offensive sexual comments and distribution of offensive and intimate visual depictions of Plaintiff, all of which contributed to the creation of a hostile work environment.

84.     Defendants' actions were intentional.

85.     Displaying a nude image of an employee and sexual comments are sex-based conduct.

86.     Plaintiff Willard explicitly objected and asked for deletion and removal.

87.     The image appeared on multiple workplace computers and sexualized commentary continued after notice, both of which changed the terms and conditions of Plaintiff Willard's employment.

88.     Plaintiff Willard experienced unwelcome conduct of a sexual nature, including distribution and display of his nude image and sexual comments.

89.     The conduct was severe and pervasive and altered the terms and conditions of employment.

90.     Defendants had actual notice and failed to take prompt and appropriate remedial action.

91.     Defendants' actions were intentional and in disregard of Mr. Willard's rights and sensibilities.

92.     As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to: loss of earning capacity, loss of career opportunities, humiliation and embarrassment, mental and emotional distress, insomnia, loss of appetite, and loss of ordinary pleasures of everyday life.

## COUNT III

### VIOLATION OF 42 U.S.C. § 2000e-3(a)
### RETALIATION IN VIOLATION OF TITLE VII
### AGAINST ALL DEFENDANTS

93.     Plaintiff incorporates Paragraphs 1 – 69.

94.     Title VII makes it unlawful for an employer to retaliate against an employee because the employee "has opposed any practice made an unlawful employment practice" by Title VII or "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e-3(a).

95.     Plaintiff Willard engaged in protected activity by opposing sexual harassment and demanding remedial action.

96.     Plaintiff opposed sexual harassment and demanded remedial action via his August 18 and 20 emails and through counsel's demand.

14

97.    Defendants had knowledge of Plaintiff Willard's complaints.

98.    Within days of Plaintiff's protected activities, Defendants took adverse actions, including calling police with a false claim of extortion, refusing to remediate, and maintaining hostile conditions.

99.    Defendants retaliated against Plaintiff for reporting sexual harassment in violation of the Act.

100.    The retaliation by Defendants was swift, immediate, and absolute.

101.    The adverse actions were causally connected to Plaintiff's protected activity.

102.    The timing and sequence of events show a causal link between protected activity and adverse actions.

103.    As a direct and proximate result of Defendants' discriminatory policies and wrongful acts, Plaintiff Willard has sustained loss of earnings, earning capacity, and fringe benefits, and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

## <u>COUNT IV</u>

### VIOLATION OF ELCRA
### MCL § 37.2101 et seq
### SEXUAL HARASSMENT / HOSTILE WORK ENVIRONMENT
### AGAINST DEFENDANTS BRIGHTON MOTORS AND TAURIAINEN

104.    Plaintiff incorporates Paragraphs 1 – 69.

105.   At all relevant times, Plaintiff was an employee of Defendants Brighton Motors and Tauriainen, and Defendants were Plaintiff's employer, covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act (the "Act"), MCL § 37.2102, *et seq.*; MSA § 3.548(101) *et seq*.

106.   Under the Act, "[a]n employer shall not…discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of…sex…"   MCL § 37.2202(1)(a).

107. Discrimination "because of sex" includes "Sexual harassment [including] unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature."  MCL § 37.2103(*i*).

108.   Plaintiff was subjected to sexual harassment with continued lewd and offensive sexual comments that were unwanted and of a sexual nature at his employment and during the course of his employment with Defendants.

109.   The sexual harassment has included, but is not limited to, grossly unwelcome comments, extreme offensive actions perpetrated by Defendants as described above, and false reports of extortion in response to Plaintiff's opposition to the lewd and offensive sexual comments and distribution of offensive and intimate visual depictions of Plaintiff, all of which contributed to the creation of a hostile work environment.

16

110.   Defendants' actions were intentional.

111.   Displaying a nude image of an employee and sexual comments are sex-based conduct.

112.   Plaintiff Willard explicitly objected and asked for deletion and removal.

113.   The image appeared on multiple workplace computers and sexualized commentary continued after notice, both of which changed the terms and conditions of Plaintiff Willard's employment.

114.   Plaintiff Willard experienced unwelcome conduct of a sexual nature, including distribution and display of his nude image and sexual comments.

115.   The conduct was severe and pervasive and altered the terms and conditions of employment.

116.   Defendants had actual notice and failed to take prompt and appropriate remedial action.

117.   Defendants' actions were intentional and in disregard of Mr. Willard's rights and sensibilities.

118.   As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to: loss of earning capacity, loss of career opportunities, humiliation and embarrassment, mental and emotional distress, insomnia, loss of appetite, and loss of ordinary pleasures of everyday life.

## COUNT V

**VIOLATION OF ELCRA**
**MCL § 37.2101 et seq**
**RETALIATION**
**AGAINST DEFENDANTS BRIGHTON MOTORS AND TAURIAINEN**

119.   Plaintiff incorporates Paragraphs 1 – 69.

120.   Plaintiff Willard engaged in protected activity by opposing sexual harassment and demanding remedial action.

121.   Plaintiff opposed sexual harassment and demanded remedial action via his August 18 and 20 emails and through counsel's demand.

122.   Defendants had knowledge of Plaintiff Willard's complaints.

123.   Within days of Plaintiff's protected activities, Defendants took adverse actions, including calling police with a false claim of extortion, refusing to remediate, and maintaining hostile conditions.

124.   Defendants retaliated against Plaintiff for reporting sexual harassment in violation of the Act.

125.   The retaliation by Defendants was swift, immediate, and absolute.

126.   The adverse actions were causally connected to Plaintiff's protected activity.

127.   The timing and sequence of events show a causal link between protected activity and adverse actions.

128.   As a direct and proximate result of Defendants' discriminatory policies and wrongful acts, Plaintiff Willard has sustained loss of earnings, earning capacity, and fringe benefits, and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

## COUNT VI

### INVASION OF PRIVACY
### PUBLIC DISCLOSURE OF PRIVATE FACTS
### AGAINST ALL DEFENDANTS

129.   Plaintiff incorporates Paragraphs 1 – 69.

130.   Defendants publicized a private, non-newsworthy fact – Plaintiff Willard's intimate image – to Plaintiff Willard's co-workers.

131.   Defendants publicized Plaintiff Willard's intimate image by displaying it on workplace computers.

132.   The disclosure would be highly offensive to a reasonable person.

133.   Plaintiff Willard suffered damages, including emotional distress and reputational harm.

## COUNT VII

### INVASION OF PRIVACY
### INTRUSION UPON SECLUSION
### AGAINST ALL DEFENDANTS

134.   Plaintiff incorporates Paragraphs 1 – 69.

135.    Defendants intentionally intruded into Plaintiff Willard's private affairs by accessing and displaying the intimate image within the workplace systems and by propagating it among employees.

136.    The intrusion would be highly offensive to a reasonable person.

137.    Plaintiff Willard suffered damages, including emotional distress and reputational harm.

## COUNT VIII

## DEFAMATION
## AGAINST DEFENDANT TAURIAINEN

138.    Plaintiff incorporates Paragraphs 1 – 69.

139.    After receiving Plaintiff Willard's protected complaints and counsel's demand, Defendant Tauriainen told police that Plaintiff Willard engaged in "extortion."

140.    The statement was provably false.

141.    The statement was not privileged under the circumstances.

142.    Accusing a person of a felony is defamatory per se.

143.    Extortion is a felony under MCL § 750.213 and is punishable by imprisonment for up to 20 years and a fine of up to $10,000.

144.    Plaintiff Willard suffered presumed and actual damages.

## COUNT IX

## FALSE REPORTING TO LAW ENFORCEMENT
## AGAINST DEFENDANTS BRIGHTON MOTORS AND TAURIAINEN

145.    Plaintiff incorporates Paragraphs 1 – 68.

146.    Defendants Brighton Motors and Tauriainen made a false report of the commission of a crime, or intentionally caused a false report of the commission of a crime to be made, including by accusing Plaintiff of committing felony extortion, to an officer authorized to receive reports of a crime, knowing that the report they were making was false.

147.    Defendants Brighton Motors and Tauriainen made a material representation – that being that Plaintiff had engaged in felony extortion against them.

148.    Defendant Brighton Motors's and Tauriainen's representation was false, as no such crime occurred when Defendants made the false representation.

149.    Defendants Brighton Motors and Tauriainen knew the representation was false or made it with reckless disregard for the truth.

150.    Defendants Brighton Motors and Tauriainen intended for the police to arrest and charge Plaintiff with a felony without any factual basis to support their allegation.

151.    Defendants Brighton Motors's and Tauriainen's false representation to the police of Plaintiff's conduct was made with the intent to deceive.

21

152.   Defendants Brighton Motors's and Tauriainen's false representation had the intent to, and did in fact, harm Plaintiff's reputation.

153.   Defendants Brighton Motors's and Tauriainen's false representation was made with actual malice to cause Plaintiff to lose his job, as well as face criminal felony charges, in response to Plaintiff's request to remove nude / intimate photos of himself from Defendant Tauriainen's company's computers.

154.   Defendants Brighton Motors and Tauriainen made the report to harass and intimidate Plaintiff and to retaliate against him for protected complaints and the demand letter, rather than to bring an offender to justice.

155.   As a direct and foreseeable result, Plaintiff suffered fear, stress, humiliation, reputational harm, and exacerbated emotional distress, and the event contributed to the intolerable conditions culminating in his constructive discharge.

## COUNT X

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## AGAINST ALL DEFENDANTS

156.   Plaintiff incorporates Paragraphs 1 – 69.

157.   Disseminating and displaying an employee's nude image and calling police with a knowingly false criminal accusation after protected complaints is extreme and outrageous.

158.   Defendants acted intentionally or with reckless indifference to Plaintiff. Willard's rights and sensibilities.

159.   Defendants' conduct as alleged above was extreme, outrageous, and utterly intolerable in a civilized society.

160.   As a result of Defendants' conduct described above, Mr. Willard suffered severe emotional distress and damages including, but not limited to, pain, suffering, and emotional distress; injuries to his reputation; humiliation, mortification, and embarrassment; and other injuries that are found to be related to the occurrence that appear or manifest themselves during the course of discovery and trial.

## COUNT XII

### ABUSE OF PROCESS
### AGAINST DEFENDANTS BRIGHTON MOTORS AND TAURIAINEN

161.   Plaintiff incorporates Paragraphs 1 – 69.

162.   Defendants' purpose in calling police immediately after receiving the demand letter was to intimidate Plaintiff, chill his civil claims, and pressure him to abandon protected complaints instead of investigating and remedying the workplace misconduct.

163.   Defendants willfully invoked the coercive machinery of law enforcement by reporting a fabricated felony "extortion" claim, prompting police response to the workplace.

164.   Defendants used the specter of criminal process for an end not contemplated by law – to retaliate against Plaintiff for asserting rights and to coerce withdrawal of complaints – rather than to bring an offender to justice. That is a misuse/perversion of process.

165.   The police call and accusation compounded Plaintiff's humiliation and fear, aggravated his emotional distress, and materially worsened conditions until he was forced to resign (constructive discharge).

## **INJUNCTIVE AND DECLARATORY RELIEF**

166.   Plaintiff seeks preliminary and permanent injunctions requiring Defendants to: identify, preserve, and permanently delete all copies, caches, backups, and derivatives of the intimate image from all systems and devices; cease any display or disclosure; implement anti-harassment training, effective reporting channels, and non-retaliation measures; and issue a written retraction of the extortion accusation.

167.   Plaintiff seeks any further equitable relief necessary to protect his privacy and employment, including an order consistent with 15 U.S.C. § 6851.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants, award compensatory damages for emotional distress, humiliation, reputational harm, and economic losses; exemplary damages under Michigan law; liquidated damages of $150,000 under 15 U.S.C. § 6851; pre- and post-judgment interest; costs; and reasonable attorney's fees under Title VII, ELCRA, and § 6851; award the equitable relief described above, costs and attorney's fees, and grant all further relief the Court deems just.

Respectfully submitted,

**AKEEL & VALENTINE, PLC**

By: /s/ SHEREEF H. AKEEL
Shereef H. Akeel (P54345)
Hasan Kaakarli (P81099)
Daniel W. Cermak (P84460)
Attorneys for Plaintiff
888 W. Big Beaver Rd., Ste. 350
Troy, MI 48084
(248) 269-9595
shereef@akeelvalentine.com
hasan@akeelvalentine.com
daniel@akeelvalentine.com

Dated: January 28, 2026

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID WILLARD,

      Plaintiff,                              Case No. 26-10310

v                                          Hon.
                                              Mag.

BRIGHTON MOTORS, LLC, a
domestic limited liability company,
JOSH TAURIAINEN, TARA BRENNAN,
and TERRY LONG,

      Defendants.

_____

**AKEEL & VALENTINE, PLC**
SHEREEF H. AKEEL (P54345)
HASAN KAAKARLI (P81099)
DANIEL W. CERMAK (P84460)
Attorneys for Plaintiff
888 W. Big Beaver Road., Suite 350
Troy, MI 48084
(248) 269-9595
shereef@akeelvalentine.com
hasan@akeelvalentine.com
daniel@akeelvalentine.com

---

**JURY DEMAND**

**NOW COMES** Plaintiff, David Willard, by and through his undersigned, Akeel & Valentine, PLC, hereby demands a trial by jury of all the issues in this case.

Respectfully submitted,

**AKEEL & VALENTINE, PLC**

By: /s/ SHEREEF H. AKEEL
Shereef H. Akeel (P54345)
Hasan Kaakarli (P81099)
Daniel W. Cermak (P84460)
Attorneys for Plaintiff
888 W. Big Beaver Rd., Ste. 350
Troy, MI 48084
(248) 269-9595
shereef@akeelvalentine.com
hasan@akeelvalentine.com
daniel@akeelvalentine.com

Dated: January 28, 2026